### U. T. MERRETT *v.* JOHN MOSS.

**Execution—On Replevin Bond—Void Judgment—Sale Void.**

If a judgment and the execution thereon are void, that execution gives to the sheriff no authority to take a replevin bond, and it can not be made the basis of another execution. A sale under an execution on such replevin bond is void.

APPEAL FROM LINCOLN- CIRCUIT COURT.

June 11, 1869.

OPINION BY JUDGE HARDIN :

This was an ordinary action for the recovery of a tract of about 172 acres of land, as the property of the appellee and of which he alleged the appellant was wrongfully in possession.

The defendant by his answer denied that the plaintiff had title to the land or any right of recovery.

The cause having been removed by change of venue to the Lincoln circuit court, was there tried, and the trial resulted in a verdict and judgment for the plaintiff, which the court refused to set aside on a motion for a new trial and the defendant has appealed to this court.

It was proved on the trial that for many years before the 15th day of December; 1862, the plaintiff was the owner and in the possession of the land, and that the defendant was in possession at the time of the institution of the suit, but it was also found that on said 15th day of December, 1862, the sheriff having levied several executions on the land, one of them in favor of John B. Tilford against the appellee, and John H. Hanley, purporting to have been issued on a replevin bond given to replevy

and execution issued upon a judgment against them in the Jessamine circuit court, for $1,946.16 and interest. The land was sold by the sheriff and purchased by Philip Rarick and Milton C. Smith for $2,677.50, and the sheriff conveyed the land to Rarick and Smith on the 24th of January, 1863, and they conveyed it to the defendant Merrett on the 24th of March, 1863. To prove these facts the deeds and transcripts of the suits of Tilford and others against Moss and others were produced.

But the record of the suit of Tilford did not contain a copy of either a summons against Moss, or the supposed replevin bond of himself and Hanley and there was a contrariety of parol evidence which the court admitted, as to the existence and loss of these papers, and whether any summons was in fact ever served on Moss.

Facts and circumstances were also proved conducing to show that before the sale of the land about $2,000.00 of the debt to Tilford was paid by Hanley to the sheriff who, nevertheless, made the sale to satisfy the execution without regard to this payment and on the other side there was evidence before the jury tending to a different conclusion.

In two instructions given at the plaintiff's instance, and to which the defendant excepted, the jury were substantially told that if they believed from the evidence that no summons in the suit of Tilford against Moss and Hanley was served on Moss, then the judgment in the case, and all subsequent proceedings thereunder were void so far as he was concerned, and formed no obstruction to the plaintiff's recovery.

The court gave to the jury another instruction *sua sponte* based on the evidence as to the payment by Hanley, but as this was not excepted to, it need not be further noticed.

In the very elaborate argument of counsel in this case, various minor points, and some irrelevant considerations have been urged, particularly in support of the judgment, but the main and controlling question, as we conceive, is whether the court erred in giving the instructions predicated on the evidence respecting the service of process on the appellee.

It is too well settled to require the citation of authority that a personal judgment without service of process or appearance, is

absolutely void, and generally all subsequent proceedings under such a judgment are also void.

But it is insisted for appellant that if it be true that the appellee replevied the debt, although it may have been upon an execution issued on a void judgment, the sale and conveyance made under an execution on the land were valid, and the instructions, which were hypothecated, alone on the evidence as to the service of the summons, were therefore misleading and erroneous.

But if the judgment and the execution thereon were void, as to Moss, as they certainly were if he was 'not before the court when the judgment was rendered, the execution gave the sheriff no authority to take the replevin bond, and it could not be made the basis of an execution.

By the first section of article 9 of chapter 36, Revised Statutes, it is provided that defendants (except in certain cases) may replevy judgments when there is no execution thereon, in the hands of a' collecting officer. And it is further provided by the second section of said article that an execution on a judgment which could have been so replevied in the hands of the officer.

But these provisions of the statute relate to judgments which have some validity or unfavorable character and not to mere void entries on the records of a court which are not legally enforcible as judgments. *Richardson, etc., v. Bartley, etc.,* 2 B. Monroe 328; *Ditto, etc., v. Goehegan, etc.,* 1 Metcalf 169; *Same v. Same,* 2 Metcalf 433.

Whether the appellee might not have estopped himself from questioning the validity of the appellant's claim acquired under the sale, by inducing or sanctioning the sale or subsequent conveyances in writing or otherwise is a question which need not be here considered, as we are satisfied the mere execution of the replevin bond did not constitute such an estoppel, and there is no evidence of any other act on the part of the appellee, which could have had that effect.

It does not appear to us therefore that the instructions given at the plaintiff's instance were erroneous.

The jury were not restricted in their finding to the single question whether there was service of process on the appellee, but were authorized to find for him if they believed from the evidence that the sale was made for part of the debt of Tilford

which had been paid to the sheriff, as in that event the sale was for more land than was necessary to pay the debts, and in this point we do not perceive that there was such a preponderance of the evidence against the verdict as would authorize a reversal on that ground.

Wherefore the judgment is affirmed.

*Durham & Jacobs, Dunlap, Owsley & Burdell, for appellant.*

*Bradley, for appellee.*